# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-562V

| | |
|---|---|
| BOBBIE HENDERSON,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2024 |

*Anne Carrion Toale, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 20, 2023, Bobbie Henderson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered the "on-table" injury of Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on October 13, 2021. Petition at 1, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 23, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On October 15, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $205,490.64, representing compensation for life care expenses expected to be incurred during the first year after judgment ($48,927.30), pain and suffering ($154,000.00), past unreimbursable expenses ($2,563.34), and an amount sufficient to pay for an annuity contract to provide

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

payment for Petitioner's life care plan items as described in Section II, B of the Proffer. Proffer at 2-5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

A. **A lump sum payment of $205,490.64, representing compensation for life care expenses expected to be incurred during the first year after judgment ($48,927.30), pain and suffering ($154,000.00), and past unreimbursable expenses ($2,563.34) in the form of a check payable to Petitioner; and**

B. **An amount sufficient to purchase the annuity contract described in Section II, B of the Proffer.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BOBBIE HENDERSON,<br><br>                 Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | No. 23-562V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 20, 2023, Bobbie Henderson ("petitioner") filed her petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleges that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on October 13, 2021. Petition ("Pet.") at 1.

On September 20, 2024, respondent filed his Rule 4(c) Report, in which he recommended that the Court find petitioner entitled to compensation, and on September 23, 2024, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation. *See* ECF Nos. 33, 34. Specifically, based on respondent's recommendation, the Court found petitioner entitled to compensation for Guillain-Barré syndrome and related sequelae that she sustained following the administration of an influenza vaccination on October 13, 2021, and that petitioner's claim satisfies the requirements necessary to qualify as a Table injury under the Vaccine Injury Table.[1]

---

[1] On October 29, 2021, petitioner received a COVID-19 vaccine. Vaccines against COVID-19 are not contained in the Vaccine Injury Table. See 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a). Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e),

42 U.S.C. § 300aa-14(a)(XIV)(D), (c)(15).  *See* ECF No. 33.  Respondent now proffers that petitioner receive an award as follows:

I.     **Items of Compensation**

   A.     Life Care Items

Respondent engaged life care planner Shelly Kinney, MSN, RN, CNLCP, CCM, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Bobbie Henderson, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

   B.     Pain and Suffering

Respondent proffers that petitioner should be awarded $154,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP"). See 85 Fed. Reg. 15198, 15202 (March 17, 2020).

The entry of judgment awarding the compensation described herein in a Decision of the Special Master, resolves any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or hereafter could be timely brought against the United States and the Secretary of Health and Human Services in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., (a) on account of, or in any way growing out of any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner that resulted from, or that may be alleged to have resulted from, the vaccinations identified herein, and (b) that petitioner has had, now has, or hereafter may have with respect to the injury that gave rise to the petition for vaccine compensation filed in the United States Court of Federal Claims as petition No. 23-562V.

C.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,563.34. Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $205,490.64, representing compensation for life care expenses expected to be incurred during the first year after judgment ($48,927.30), pain and suffering ($154,000.00), and past unreimbursable expenses ($2,563.34) in the form of a check payable to petitioner, Bobbie Henderson.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Bobbie Henderson, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows:  four percent (4%) compounded annually from the date of

---

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for all items, compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Bobbie Henderson, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Bobbie Henderson's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **Summary of Recommended Payments Following Judgment[6]**

    A.    Lump Sum paid to petitioner, Bobbie Henderson:    **$205,490.64**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

---

[6] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

                                         /s/ JULIANNA R. KOBER  
                                         Trial Attorney  
                                         Torts Branch, Civil Division  
                                         U.S. Department of Justice  
                                         P.O. Box 146  
                                         Benjamin Franklin Station  
                                         Washington, D.C. 20044-0146  
                                         Tel: (202) 742-6375  
                                         julianna.r.kober@usdoj.gov

Dated:  October 15, 2024

Appendix A:  Items of Compensation for Bobbie Henderson

| ITEMS OF COMPENSATION | G.R. * | M | Lump Sum Compensation Year 1 | Compensation Year 2-Life |
|---|---|---|---|---|
| Home Health - Unskilled Care | 4% | M | $48,180.00 | $48,180.00 |
| Members Mark Underwear for Women | 4% |  | $428.16 | $428.16 |
| Total Protection Overnight Pad | 4% |  | $242.49 | $242.49 |
| Total Protection Underpads | 4% |  | $76.65 | $76.65 |
| Annual Totals |  |  | $48,927.30 | $48,927.30 |

Note:  Compensation Year 1 consists of the 12 month period following the date of judgement. Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgement.

As soon as practicable after entry of judgement, respondent shall make the following payment to petitioner for Year 1 Home Health - Unskilled Care ($48,180.00), Incontinence Supplies ($747.30): $48,927.30 Total.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgement.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgement.

Items denoted with an astrick (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.