# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-562V

| | |
|---|---|
| BOBBIE HENDERSON,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: June 23, 2025 |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Julianna Rose Kober*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On April 20, 2023, Bobbie Henderson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered the "on-table" injury of Guillain-Barré syndrome as a result of an influenza vaccine administered to her on October 13, 2021. Petition, ECF No. 1. On October 17, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 37.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $53,141.94 (representing $48,864.50 in fees plus $4,277.44 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 24, 2025, ECF No. 43. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 43-4.

Respondent reacted to the motion on March 3, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 45. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 46.

Having reviewed of the billing records submitted with Petitioner's requests, I find reductions in the amount of fees to be awarded appropriate for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

a. *Hourly Rates*

The hourly rates requested by attorneys and paralegal that performed work in this matter through the end of 2024, are reasonable and consistent with prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $615.00 for work performed by attorney Anne Toale in 2025 and the hourly rate of $205.00 for paralegal work performed in the same year. I find these rates to be reasonable and shall be adopted herein.

b. *Administrative Tasks*

A review of the billing records reveals several entries billed on tasks considered administrative in nature[3]. But billing for administrative tasks is not appropriate in the Vaccine Program. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See also *Floyd* v. *Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $699.50.**[4]

## LITIGATION-RELATED COSTS

Petitioner requests $4,277.44 in litigation costs. This amount is comprised of medical records expenses, postage costs, expert related costs, and the Court's filing fee. Petitioner has provided supporting documentation for all claimed costs. ECF No. 43-3. Respondent offered no specific objection to the amounts sought but as it relates to expert costs incurred in this case, Respondent indicated that experts appearing on his behalf

---

[3] See billing entries dated: 4/24/23; 11/7/23; 11/13/23; 11/14/23 (two entries); 11/27/23; 12/18/23; 4/1/24 (two entries); 5/3/24; 5/6/24; 6/13/24; 7/29/24; 10/3/24 (two entries). See ECF No. 43-2.

[4] This amount is calculated as follows: ($535.00 x 0.50 hrs.) + ($180.00 x 0.50 hrs.) + ($190.00 x 0.90 hrs) + ($570.00 x 0.30 hrs.) = $699.50.

are paid the hourly rate of $375.00. ECF No. 45 at 4. Respondent further indicated the "Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues." *Id.* at 4.

In the Vaccine Program, expert work is reimbursed in the same manner as attorney's fees, using the lodestar method. *See Chevalier v. Sec'y of Health & Hum. Servs.*, No. 15-01V, 2017 WL 490426 (Fed. Cl. Spec. Mstr. Jan. 11, 2017 (applying the lodestar calculation to both attorneys' fees and expert costs)). There are numerous factors to be considered when determining an appropriate expert hourly rate: "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the information provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by the [Vaccine Act]." *Aycock v. Secretary of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023).

Petitioner is seeking the amount of $1,950.00 for work performed by neurologist Kazim Sheikh, MD. Dr. Sheikh requests compensation at the rate of $600.00 per hour for 3.25 hours of work performed in 2024. Dr. Sheikh reviewed specific medical records, opinion and other documents related to Petitioner's neurologic illness. ECF No. 43-3. Petitioner's counsel also indicated "these fees were incurred for a focused review of issues necessary for the evaluation of the case for settlement purposes." ECF No. 44 at 1. I find Dr. Sheikh's request reasonable given his qualifications. Accordingly, I hereby award all claimed costs in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $52,442.44 (representing $48,165.00 in fees plus $4,277.44 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master